**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDDIE S. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>SYSCO FOOD SERVICES OF METRO NEW YORK LLC, et al.,<br><br>Defendants. | Civil Action No. 14-474 (JLL) (JAD)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendants Sysco Food Services of Metro New York LLC, Sysco Corporation Retirement Fund, and Shelley Budhar (collectively, "Defendants")' motion to dismiss Plaintiff Freddie S. Brown ("Plaintiff")'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

**I.    BACKGROUND**[1]

---

[1] The facts set forth herein are taken from two sources. The first source is Plaintiff's Complaint—the facts set forth therein are accepted as true solely for purposes of this motion. The second source is the Sysco Corporation Retirement Plan Agreement (the "Plan Agreement"), which Defendants attached to their motion to dismiss. (Roland-Foster Decl., Ex. A, ECF No. 5-3). In deciding a motion to dismiss, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Plaintiff has not challenged the Plan Agreement's authenticity, and because his Complaint alleges, among other things, that "[t]here was a failure to pay Plaintiff all retirement money due to him," his Complaint is necessarily based upon the terms of the Plan Agreement. (Compl. ¶ 38, ECF No. 1). Indeed, whether

1

In January 2011, Plaintiff retired from Defendant Sysco Food Services of Metro New York LLC ("Sysco Metro NY") after twenty four years of employment as a warehouseman. (Compl. ¶¶ 11, 29). As a member of the International Brotherhood of Teamsters Local 863 ("IBT Local 863"), Plaintiff regularly contributed to the IBT Local 863 Pension Fund. (*Id.* at ¶¶ 14-15). In 2008, IBT Local 863 transferred said fund to Defendant Sysco Corporation Retirement Fund. (*Id.* at ¶¶ 16, 27; Roland-Foster Decl., Ex. A App'x E).

Before Plaintiff retired, he notified Defendant Budhar, an employee of Sysco Metro NY, of his intent to retire in January 2011. (Compl. ¶¶ 10, 17). Budhar informed Plaintiff that a six percent penalty had been assessed against his pension, and provided no explanation for the assessment of this penalty. (*Id.* at ¶ 18). Upon submitting his retirement papers, Plaintiff was not informed of the monetary amount of his pension. (*Id.* at ¶ 19). He was instead advised that he would receive such information after he retired. (*Id.*).

According to Plaintiff, he was entitled to receive two separate types of pension payments upon retirement pursuant to plans he denotes as "A" and "B." (*Id.* at ¶ 30). Pursuant to Plan A, Plaintiff was entitled to receive a lump sum payment, which he received approximately three months after he retired on March 25, 2011. (*Id.* at ¶ 31). Thereafter, Plaintiff, an African-American, learned that Caucasian employees who had retired in January 2013 with similar years of service received significantly larger lump sum payments than he did. (*Id.* at ¶¶ 32, 45). Plaintiff was unable to receive an explanation from Sysco Metro NY representatives, including Budhar, concerning the calculation of his lump sum payment. (*Id.* at ¶ 33).

Pursuant to Plan B, Plaintiff was entitled to begin receiving monthly pension payments at the time of his retirement. (*Id.* at ¶¶ 30, 39). In August 2013, Anita Foster, an employee of the

---

Defendants failed to pay all of the retirement money due to Plaintiff hinges on what they owed him under the terms of the Plan Agreement. As such, the Court considers the Plan Agreement throughout this Opinion.

Sysco Corporation Retirement Fund, confirmed that Plaintiff was indeed entitled to such payments, but that Sysco Metro NY had not yet received Plaintiff's paperwork for those payments. (*Id.* at ¶ 34). Plaintiff has still not completed this paperwork. (*Id.*). In addition, Plaintiff has still not received any monthly payments, which are owed to him. (*Id.* at ¶¶ 36, 38-39).

Plaintiff filed the operative Complaint in this matter on January 17, 2014, which asserts two counts. (*Id.* at ¶¶ 24-49). The first count alleges generally that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id.* at ¶¶ 24-40). The second count alleges that Defendants violated the New Jersey Law Against Discrimination ("NJLAD") by discriminating against Plaintiff on the basis of his race in the provision of pension payments. (*Id.* at ¶¶ 41-49).

The Court has federal question jurisdiction over Plaintiff's ERISA claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's NJLAD claim pursuant to 28 U.S.C. § 1367. Defendants now move the Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5).

## II.   LEGAL STANDARD[2]

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-

---

[2] By intertwining New Jersey state and federal pleading standards, Plaintiff's Opposition Brief cites to the wrong standard of review. (*See* Pl.'s Opp'n Br. 12-15, ECF No. 9-1). The proper standard is summarized below.

moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001). The Court now applies this standard to Counts I and II of Plaintiff's Complaint.

### III. DISCUSSION

#### A. Whether Count I of Plaintiff's Complaint, Alleging that Defendants Violated ERISA, States a Plausible Claim to Relief

Count I of Plaintiff's Complaint, titled "Violation of [ERISA]," does not specify under which section of ERISA it is brought. (Compl. ¶¶ 23-40). Instead, Count I simply alleges that Defendants breached their "fiduciary duty" to Plaintiff by: (1) "fail[ing] to disclose to Plaintiff all of the pension money that he was entitled to prior to his retirement"; (2) "failing to provide to Plaintiff an explanation of the retirement funds that he would receive when he requested this information"; and (3) "fail[ing] to pay Plaintiff all retirement money due to him," including the monthly pension payments. (*Id.* at ¶¶ 36, 38). Defendants now move to dismiss Count I, arguing that it fails to allege that Defendants are "fiduciaries," a precondition to bringing a breach of fiduciary duty claim under ERISA. (Defs.' Br. 28-30, ECF No. 5-1).

Under ERISA section 3(21)(a), a person[3] is a fiduciary with respect to a plan to the extent:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets,

---

[3] Under ERISA, "[t]he term 'person' means an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization." 29 U.S.C. § 1002(9).

4

>   (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or
>   (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). "Because an entity is only a fiduciary to the extent it possesses authority or discretionary control over the plan," the Third Circuit has clarified that is necessary to "ask whether the entity is a fiduciary with respect to the particular activity in question." *Renfro v. Unisys Corp.*, 671 F.3d 314, 321 (3d Cir. 2011) (alteration, citation, and internal quotation marks omitted). Thus, in assessing whether a defendant is a fiduciary, the threshold question is not whether defendant's actions "adversely affected a plan beneficiary's interest, but whether that [defendant] was acting as fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000).

Here, the Court is unable to infer that any of the Defendants acted as a fiduciary under the pension plan when taking the actions alleged in the Complaint. The Complaint does not allege that any of the Defendants exercised discretionary authority or control over the pension plan, its management, or its assets. Instead, the Complaint merely provides the conclusory allegation that Defendant Sysco Metro NY is a fiduciary,[4] and elsewhere alleges that Defendants had, and likewise breached, various fiduciary duties. (*See* Compl. ¶¶ 35-38). These allegations are not enough since, at bottom, they amount to "'bald assertions' or 'legal conclusions,'" which this Court "need not credit" at this juncture. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)). As such, this Court dismisses Count I of Plaintiff's Complaint to the extent that it is premised on Defendants' alleged breach of their fiduciary duty to Plaintiff. *See Cohen v.*

---

[4] Specifically, the Complaint alleges that "[ERISA] requires that Sysco, the fiduciary carefully manage retirement funds of the employees." (Compl. ¶ 37).

5

*Horizon Blue Cross Blue Shield of New Jersey*, No. 13-3057, 2013 WL 5780815, *8 (D.N.J. Oct. 25, 2013) (dismissing breach of fiduciary duty claim that "lack[ed] specific facts to support the plausible inference that [the defendant] was, in fact, a fiduciary") (Linares, J.).

As it is unclear from Plaintiff's Complaint under which section of ERISA Count I arises, the Court continues its discussion. Defendants suggest that two additional and distinct causes of action are encompassed within Count I: (1) a claim brought pursuant to ERISA Section 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), premised on the plan administrator's alleged refusal to supply requested information to Plaintiff; and (2) a claim brought pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover benefits due to Plaintiff under the terms of his pension plan. (Defs.' Br. 24-28, 30-33). The Court now considers whether these causes of action may proceed.[5]

    1.    <u>Whether Plaintiff's Allegation that Defendants Failed to Provide Plaintiff with Requested Information States a Claim to Relief that is Plausible on its Face</u>

Count I of Plaintiff's Complaint alleges that Defendants "fail[ed] to provide to Plaintiff an explanation of the retirement funds that he would receive when he requested this information." (Compl. ¶ 36). ERISA section 502(a)(1)(A), which cross-references subsection (c) of that section, empowers a plan participant to bring a civil action against a plan "administrator" who fails to comply with the participant's request for certain information. 29 U.S.C. § 1132(a)(1)(A). ERISA section 3(16)(A)(i) defines the term "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated . . . ." 29 U.S.C. § 1002(16)(A)(i). Critically, as explained below, Plaintiff has failed to allege that any of the named Defendants is a plan administrator.

---

[5] Should Plaintiff choose to amend his Complaint, to the extent that he intends to bring these causes of action, he should allege each cause of action as a separate count that specifically references the ERISA section under which it is brought.

According to the Plan Agreement, "the administrator of the Plan is the Sponsor," and the "'Sponsor' means Sysco Corporation or any other business organization that assumes the primary responsibility for maintaining the Plan, with the consent of the last preceding Sponsor." (Roland-Foster Decl., Ex. A §§ 1.41, 13.10). Because Count I of Plaintiff's Complaint does not allege that Sysco Metro NY, the Sysco Corporation Retirement Fund, or Budhar fit within that definition, the Court dismisses Count I to the extent that it attempts to set forth a cause of action under ERISA section 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), without prejudice. The Court grants Plaintiff leave to amend his Complaint to bring a cause of action against Defendants under ERISA section 502(a)(1)(A), but only to the extent that Plaintiff is able to allege facts suggesting that Defendants fit within the Plan Agreement's definition of "Administrator."

2. <u>Whether Plaintiff's Allegation that Defendants Failed to Pay Plaintiff All Retirement Money Due to Him States a Claim to Relief that is Plausible on its Face</u>

Count I of Plaintiff's Complaint alleges that Defendants failed "to pay Plaintiff all retirement money due to him," including the monthly pension payments, and that, as a result, Defendants breached their fiduciary duty to Plaintiff. (Compl. ¶¶ 36, 38). Defendants argue that to the extent that Count I is based upon their alleged failure to pay Plaintiff benefits owed to him, Plaintiff's underlying claim is really one for plan benefits arising under ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). (Defs.' Br. 30-33). The Court agrees.

ERISA section 502(a)(1)(B) provides that a plan participant may bring a civil action to, among other things, "recover benefits due to him under the terms of his plan . . . ." 29 U.S.C. § 1132(a)(1)(B). But before doing so, the participant typically must exhaust the administrative remedies available to him under the plan. *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (citations omitted). Such exhaustion is not required, however, where the

7

participant seeks to assert statutory rights established by ERISA. *D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002) (citing *Zipf v. AT&T*, 799 F.3d 889, 891 (3d Cir. 1986)). For example, waiver of the exhaustion requirement may be proper "in cases where statutory rights stem from the fiduciary duties set forth in section 404 of ERISA, 29 U.S.C. § 1104(a)." *Id.* (citing *Harrow*, 279 F.3d at 253-54). The Third Circuit has clarified though that it "still require[s] exhaustion in cases where the alleged statutory violation—a breach of fiduciary duty under section 404—is actually a claim based on denial of benefits under the terms of a plan." *Id.*

Here, Plaintiff contends that his pension plan entitled him to monthly pension payments which he has yet to receive. (Compl. ¶¶ 30, 36, 38-39). To assess the merits of Plaintiff's contention, the Court will need to interpret the pension plan itself to determine what Defendants owed Plaintiff pursuant to its terms. As such, to the extent that Count I of Plaintiff's Complaint is based on Defendant's alleged failure to pay Plaintiff benefits owed to him, Count I is a claim for specific benefits rather than a claim for breach of fiduciary duty. Since Plaintiff "cannot circumvent the exhaustion requirement by artfully pleading benefit claims as breach of fiduciary duty claims," Plaintiff must allege that he has complied with the exhaustion requirement. *Harrow*, 279 F.3d at 253 (citation omitted); s*ee also Lees v. Munich Reins. Am., Inc.*, No. 11-3764, 2012 WL 1183694, *3 (D.N.J. Apr. 9, 2012) (concluding that plaintiff's fiduciary duty claim was in fact a claim for specific benefits, arising under ERISA section 502(a)(1)(B)). Plaintiff has failed to allege such compliance, and, as a result, the Court dismisses Count I of Plaintiff's Complaint to the extent it is based on Defendants alleged failure to pay Plaintiff benefits owed to him. *See Eastman v. AT&T, Inc.*, 43 F. App'x 483, 484 (3d Cir. 2002) (affirming district court's dismissal of fiduciary duty claim where claim was in fact one for benefits and the plaintiff had not exhausted his remedies under the plan). The Court grants

Plaintiff leave to amend his Complaint to bring a cause of action against Defendants under ERISA section 502(a)(1)(B), but only to the extent that Plaintiff is able to allege facts suggesting that he has complied with the exhaustion requirement.

### B. Whether Count II of Plaintiff's Complaint, Alleging an NJLAD Race-Based Discrimination Claim, Survives Dismissal

Count II of Plaintiff's Complaint generally alleges that Defendants violated the NJLAD by "engag[ing] in discrimination against Plaintiff based on race in the provision of pension payments."[6] (Compl. ¶ 49). Specifically, Count II alleges that sometime after Plaintiff retired in 2013, he learned "that Caucasian employees with similar employment years like his had received substantially larger pension payments" and "that other African-American employees received substantially smaller lump sum pension payments as compared to what was received by Caucasian employees." (*Id.* at ¶¶ 43-44). Defendants argue that these allegations do not state a claim to relief that is plausible on its face. (Defs.' Br. 17-19).

The NJLAD generally prohibits employment discrimination on the basis of race. N.J.S.A. 10:5-12(a). Discrimination claims brought under the NJLAD are analyzed in accordance with the burden-shifting framework set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Davis v. City of Newark*, 285 F. App'x 899, 903 (3d Cir. 2008) (citing *Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 498 (3d Cir. 1999)); *see also Viscik v. Fowler Equip. Co.*, 173 N.J. 1, 13-14 (2002) ("[O]ur courts have adopted the burden-shifting framework articulated in *McDonnell Douglas* . . . ."). At the motion to dismiss stage, an employment discrimination plaintiff need not plead a prima facie case of

---

[6] As noted above, Plaintiff alleges that Defendants failed to disclose information to him about his pension plan and to respond to his request for such information. (Compl. ¶¶ 36, 38). Because Plaintiff's Complaint does not contain any allegations that explicitly suggest that these alleged failures were predicated on race-based discrimination, the Court declines to consider in the abstract whether they provide a basis for an NJLAD race-based discrimination claim.

discrimination, but instead "must plead facts that would make his or her *prima facie* case under the *McDonnell Douglass* framework plausible." *Hassell v. Johnson & Johnson*, No. 13-4109, 2014 WL 1744266, *3 (D.N.J. May 1, 2014) (citing *DiTommaso v. Medicines Co.*, 754 F. Supp. 2d 702, 705 (D.N.J. 2010)). Specifically, a plaintiff must plead facts that make it plausible that he "(1) belongs to a protected class; (2) was performing his . . . job; (3) suffered an adverse employment action; and (4) similarly situated persons outside his . . . protected group were treated more favorably giving rise to an inference of discrimination." *Aurelio v. Bd. of Educ. of the Borough of Carteret*, No. 06-3164, 2009 WL 1794800, *3 (D.N.J. June 23, 2009) (citations omitted) (Linares, J.), *aff'd*, 373 F. App'x 263 (3d Cir. 2010).

Defendants argue that Plaintiff has failed to plead enough facts to make it plausible that he was "similarly situated" to the Caucasian employees that he alleges received larger pension payments than him. (Defs.' Br. 18-19). Under the NJLAD, "there is no bright-line rule for determining who is a 'similarly situated' employee." *Jason v. Showboat Hotel & Casino*, 329 N.J. Super. 295, 305 (App. Div. 2000). A court must, instead, "make a sensitive appraisal in each case to determine the most relevant criteria." *Peper v. Princeton Univ. Bd. of Trs.*, 77 N.J. 55, 85 (1978).

Here, Plaintiff has failed to plead enough facts to make it plausible that he was similarly situated to the Caucasian employees that he alleges received more generous pension payments. The Complaint does not allege that the Caucasian employees worked in either the same or a similar job category as Plaintiff. Likewise, the Complaint does not allege that the Caucasian employees operated under the same pension plan or a more favorable one. Thus, it is unclear whether the same pension plan was applied in a discriminatory manner as to African-American employees or whether African-American employees were not included within a more favorable

plan available to Caucasian employees. The Complaint merely alleges that "Plaintiff learned after retirement in the year 2013 that Caucasian employees with similar employment years like his had received substantially larger pension payments" and "that other African-American employees received substantially smaller lump sum pension payments as compared to what was received by Caucasian employees." (Compl. ¶¶ 43-44). As these allegations are inadequate to support an inference that the Caucasian employees were similarly situated to Plaintiff, the Court dismisses Count II of Plaintiff's Complaint without prejudice.[7] To the extent that Plaintiff attempts to cure these deficiencies by stating new facts in his Opposition brief, his attempt is improper. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (noting that it is "axiomatic" that a plaintiff may not amend his complaint via his opposition brief).

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's Complaint.

An appropriate Order accompanies this Opinion.

DATED: 6th of June, 2014.

JOSE L. LINARES
U.S. DISTRICT JUDGE

---

[7] Because Plaintiff has failed to state a plausible claim for relief under the NJLAD, and because Plaintiff's theory of liability under the NJLAD remains unclear, the Court declines to address Defendants alternative argument that Count II of Plaintiff's Complaint is preempted by ERISA. The Court also declines to address Defendants' alternative argument for dismissal of Plaintiff's NJLAD cause of action as to Defendant Budhar for these reasons.

11