NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDDIE S. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>SYSCO FOOD SERVICES OF METRO NEW YORK LLC, et al.,<br><br>Defendants. | Civil Action No. 14-474 (JLL) (JAD)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendants Sysco Food Services of Metro New York LLC, Sysco Corporation Retirement Fund, and Shelley Budhar (collectively, "Defendants")' motion to dismiss Plaintiff Freddie S. Brown ("Plaintiff")'s First Amended Complaint ("FAC", ECF No. 13) pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

**I. BACKGROUND**[1]

---

[1] The facts set forth herein are taken from two sources. The first source is Plaintiff's Complaint—the facts set forth therein are accepted as true solely for purposes of this motion. The second source is the Sysco Corporation Retirement Plan Agreement (the "Plan Agreement"), which Defendants attached to their motion to dismiss. (Roland-Foster Decl., Ex. C, ECF No. 14-5). In deciding a motion to dismiss, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Plaintiff has not challenged the Plan Agreement's authenticity, and because his Complaint alleges, among other things, that "Sysco Corporation, Sysco [,] and Budhar breached their fiduciary duty by failing to pay Plaintiff the monthly pension payment to which he was entitled after he retired," his Complaint is necessarily based upon the terms of the Plan Agreement. (FAC. ¶ 58, ECF No. 13). Indeed, whether Defendants

1

In January 2011, Plaintiff retired from Defendant Sysco Food Services of Metro New York LLC ("Sysco Metro NY") after twenty four years of employment as a warehouseman. (FAC ¶¶ 11, 22). As a member of the International Brotherhood of Teamsters Local 863 ("IBT Local 863"), Plaintiff regularly contributed to the IBT Local 863 Pension Fund. (*Id.* at ¶¶ 14-15). In 2008, IBT Local 863 transferred said fund to Defendant Sysco Corporation Retirement Fund. (*Id.* at ¶ 16).

Before Plaintiff retired, he notified Defendant Budhar, an employee of Sysco Metro NY, of his intent to retire in January 2011. (*Id.* at ¶¶ 10, 20). When Plaintiff asked Budhar to tell him what amount of money he would receive in his pension, Budhar told him that he had to retire first and would receive that information in the mail. (*Id.* at ¶ 20.) Plaintiff learned that Budhar conducted a meeting during which she advised employees that a six percent penalty had been assessed against his pension, and provided no explanation for the assessment of this penalty. (*Id.* at ¶¶ 23, 24).

Per information received by Plaintiff from Sysco, Plaintiff was entitled to receive a lump sum payment per Plan A of the pension. (*Id.* at ¶ 45). Moreover, Plaintiff was to receive a monthly payment per Plan B of the pension. (*Id.*) Plaintiff completed and returned pension documents to Sysco Corporation about 6 weeks after he retired. (*Id.* at ¶¶ 26, 27). Plaintiff received his pension in a lump sum amount three weeks after he submitted the pension documents to Sysco. (*Id.* at ¶¶ 27, 47). Thereafter, Plaintiff, an African-American, learned that retired Caucasian employees, who had similar years of service, received significantly larger lump sum payments than he did. (*Id.* at ¶¶ 28-30). Plaintiff believes that the difference in lump sum pension payments were based upon racial discrimination. (*Id.* at ¶ 34).

---

failed to pay all of the retirement money due to Plaintiff hinges on what they owed him under the terms of the Plan Agreement. As such, the Court considers the Plan Agreement throughout this Opinion.

2

Pursuant to Plan B, Plaintiff was entitled to begin receiving monthly pension payments at the time of his retirement. (*Id.* at ¶ 45). In August 2013, Anita Foster, an employee of the Sysco Corporation Retirement Fund, confirmed that Plaintiff was indeed entitled to such payments, but that Sysco Metro NY had not yet received Plaintiff's paperwork for those payments. (*Id.* at ¶ 53). Plaintiff has still not completed this paperwork. (*Id.*).

Plaintiff filed the operative Complaint in this matter on July 4, 2014, which asserts two counts. (*Id.* at ¶¶ 37-74). The first count alleges generally that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id.* at ¶¶ 37-62). The second count alleges that Defendants violated the New Jersey Law Against Discrimination ("NJLAD") by discriminating against Plaintiff on the basis of his race in the provision of pension payments. (*Id.* at ¶¶ 63-74).

The Court has federal question jurisdiction over Plaintiff's ERISA claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's NJLAD claim pursuant to 28 U.S.C. § 1367. Defendants now move the Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14).

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001). The Court now applies this standard to Counts I and II of Plaintiff's Complaint.

### III. DISCUSSION

#### A. Motions Before the Court

##### 1. Defendant's Motion to Dismiss

Defendants argue that dismissal is warranted on four grounds: 1) Plaintiff's NJ LAD pension allegations are preempted by ERISA and must be dismissed; 2) Plaintiff's ERISA claims must be dismissed as a matter of law; 3) Plaintiff's NJLAD claim must be dismissed for failure to state a claim upon which relief may be granted; and 4) Plaintiff has failed to adequately plead an individual NJ LAD claim against Defendant Shelly Budhar.

##### 2. Plaintiff's Opposition

Plaintiff opposes Defendant's Motion to Dismiss by arguing: 1) Plaintiff's NJ LAD claims must continue because they fall in the ERISA Pre-emption exception; 2) Plaintiff's ERISA claims must continue as a matter of law; 3) Plaintiff's NJ LAD claims must continue as Plaintiff has stated a claim upon which relief can be granted; and 4) Plaintiff has provided sufficient facts in the Complaint for the Court to find that Defendant Shelly Budhar aided and abetted the wrongful action of Defendant Sysco Corp.

#### B. ERISA Pre-emption

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Ingersoll-Rand Co. v. McClendeon*, 498 U.S. 133,

137, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)). "ERISA contains a sweeping preemption clause, which states that ERISA shall 'supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.' " *LaMonica v. Guardian Life Ins. Co. of Am.*, No. 96-6020, 1997 WL 80991, at *5 (D.N.J. Feb.20, 1997) (quoting 29 U.S.C. § 1144(a)). Under this clause, a state anti-discrimination statute could be preserved if its preemption would impair a federal law. See *Shaw*, 463 U.S. at 108–09. In *Shaw*, a Title VII case, the U.S. Supreme Court held that in order to determine whether state anti-discrimination statutes are preempted, courts and agencies must determine whether the employment practices in question are prohibited by Title VII. See *Id.* at 105–06. If the practices are not prohibited under Title VII, then the state law is preempted by ERISA. See *Id.* at 106.

Courts conduct a two-part analysis for determining whether state law claims are preempted by ERISA. See, e.g., *Pane v. RCA Corp.*, 667 F.Supp. 168, 170 (D.N.J.1987), aff'd, 868 F.2d 631 (3d Cir.1989); *Way v. Ohio Casualty Ins. Co.*, 346 F.Supp.2d 711 (D.N.J.2004). First, a court must assess whether the plan at issue qualifies as an ERISA benefits plan. Second, the court must determine whether the applicable state laws "relate to" that plan. See *Id.* "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw*, 463 U.S. 85, 96-97 (1983).

In *Alston v. Atlantic Elec. Co.*, this Court held that preemption of a plaintiff's NJLAD claim in no way impairs federal law. 962 F. Supp. 616, 625 (D.N.J. 1997). The Court held that the plaintiffs' claim that their employer engaged in age discrimination, in violation of NJLAD, was preempted by ERISA. The defendant's employment practices in question would not be actionable under Age Discrimination in Employment Act ("ADEA"), to the extent that plaintiffs

5

failed to exhaust their state and federal administrative remedies. By allowing the plaintiffs' NJLAD claim to survive preemption would be to permit the plaintiffs to exercise rights to which they would not be entitled under federal law.

Defendants contend that Plaintiff's NJLAD claims are preempted by §514(a). Defendants argue that by premising his ERISA allegations on the same set of facts as the NJLAD pension allegation, Plaintiff is acknowledging that his retirement plan is governed by ERISA. Moreover, Defendants argue that Plaintiff's claims are not saved by §514(d) because preemption of Plaintiff's pension allegations does not impair federal law. Specifically, Defendants state that the NJLAD would permit Plaintiff to exercise rights that he would not be entitled to under Title VII. Namely, Defendants point to the non-requirement to exhaust administrative remedies.

Plaintiff opposes Defendants' argument by generally citing the analysis in *Shaw*. Plaintiff invokes the proposition that to the extent that a state law discrimination claim provides a means of enforcing Title VII's commands, preemption of the state law would modify and impair federal law within the meaning of §514(d). Plaintiff notes that he has suffered discriminatory treatment via the Defendants' failure to provide him with an equal pension to those provided to Caucasian employees of the same experience and job title.

Defendants are correct in pointing out that because Plaintiff has based his ERISA allegation on the same set of facts as the NJLAD allegation, Plaintiff has acknowledged that his retirement plan is governed by ERISA. Therefore, the Court need only address whether the NJLAD "relate to" the plan, and thus preempt the state law claim. Plaintiff's NJLAD claim is premised on a failure to administer Plaintiff's retirement plan in a non-discriminatory fashion.

Following its holding in *Hailey v. AGL Res., Inc.,*[2] this Court finds that Plaintiff's NJLAD clearly relates to the Plaintiff's retirement plan. No. 07-2352 JLL, 2008 WL 482331 (D.N.J. Feb. 19, 2008).

Furthermore, the Court finds that preemption of Plaintiff's NJLAD claims do not impair federal law and are therefore preempted by §514(a). Section 514(d) of ERISA, 29 U.S.C. § 1144(d), provides that "[n]othing in this title shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States ... or any rule or regulation issued under any such law." 29 U.S.C. § 1144(d). Accordingly, federal anti-discrimination statutes, like Title VII, are not preempted by ERISA. *Alston.*, 962 F. Supp. 616, 625 (D.N.J. 1997). Under the NJLAD, and unlike under Title VII, plaintiffs are permitted to bring a claim without exhausting administrative remedies. *Nolan v. Otis Elevator Co.*, 102 N.J. 30, 46, 505 A.2d 580, 588 (1986) ("While the NJLAD establishes the Civil Rights Division and authorizes it to remedy violations of the act, N.J.S.A. 10:5-6, it also allows claimants to bypass the Division and bring suit directly in Superior Court. N.J.S.A. 10:5-13.").

Following the approach taken in *Alston,* the Court believes that a failure to preempt Plaintiff's NJLAD claims would result in Plaintiff being afforded a right he otherwise would not be entitled to under Title VII, the ability to file suit without exhausting all available administrative remedies. Moreover, Plaintiff has failed to allege that he has in fact exhausted all available administrative remedies before the filing of this action. The preemption of Plaintiff's NJLAD claims would not impair federal law because the state law remedy affords more protection than the former. Therefore, the Court finds that Plaintiff's NJLAD claim is preempted

---

[2] This Court held that an NJLAD claim, which was predicated on statements allegedly made by Defendants in an attempt to induce employees "54 years of age or older" into entering into a voluntary severance program ("VSP"), was clearly related to the VSP.

7

by §514(a) of ERISA, and does not fall within the savings clause of §514(d). Plaintiff's NJLAD claims are dismissed.

### C. ERISA Claims

#### a. Consequential Damages

§ 502(a) is "the exclusive remedy for rights guaranteed under ERISA." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 144, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). §502(a)(1) authorizes a plan participant or beneficiary to bring a civil action to obtain the relief provided in § 502(c). *McDonough v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, No. 09-571 SRC, 2011 WL 4455994, at *7 (D.N.J. Sept. 23, 2011). Under sections 104 and 105 of ERISA, 29 U.S.C. §§ 1024 and 1025, a pension plan participant or beneficiary may request certain information from the pension plan administrator. *Maiuro v. Fed. Exp. Corp.*, 843 F. Supp. 935, 938-39 (D.N.J. 1994) aff'd, 43 F.3d 1461 (3d Cir. 1994). Under section 502 of ERISA, 29 U.S.C. § 1132, an administrator who fails to provide this information within 30 days to a participant or beneficiary who makes a written request is subject to a $100.00 per day penalty awarded at the discretion of the court. *Id.* Additionally, 29 U.S.C. § 1132(a)(1)(A) provides that a participant or beneficiary who fails to receive information to which he is entitled within 30 days after a written request may bring a civil action in a district court for the $100 per day penalty. *Id.*

Defendants argue that Plaintiff's claim must be dismissed because Plaintiff has failed to name the Retirement Plan's Plan Administrator, Sysco Corp., as a defendant. Defendants note that The Plan makes clear that the Plan Administrator is The Plan's Sponsor, Sysco Corp, or its successors in maintain The Plan with consent. (Roland-Foster Decl., Ex. A §§ 1.41, 13.10). Defendants contend that Plaintiff alleges that "the Fund" itself is the Plan Administrator. (FAC ¶¶ 9, 16). However, Defendants state that Plaintiff tries to get around its failure to name the Plan

Administrator as a Defendant, by short citing the name of the Retirement Fund, "The Sysco Corporation Retirement Fund", to Sysco Corp., in order to create the misimpression that "The Fund" and the Plan Administrator are the same entity. (*See* FAC ¶ 16). Moreover, Defendants argue that even if the Court were to allow Plaintiff leave to amend in order to correct the failure to name the Plan Administrator as a defendant, Plaintiff's claims would still fail because Plaintiff has not alleged that he made his request for information to the Plan Administrator in writing.

Plaintiff responds to Defendants' arguments by stating that the distinction between naming Sysco Corp. compared to naming The Sysco Corporation Retirement Fund as a Defendant is unreasonable because the two entities are one in the same. Plaintiff requests that if the Court does not agree with this notion, that the Court grant Plaintiff leave to amend in order to correct this oversight. Moreover, Plaintiff asks the Court to consider a letter from Plaintiff to Defendant's counsel as the written request for information to the Plan Administrator.

The Plan states that the Plan Administrator is "The Sponsor", which is Sysco Corporation itself. (*See* Sysco Corporation Retirement Plan § 1.41). Although the Court understands Plaintiff's oversight in naming The Plan, as opposed to the Plan Administrator as a defendant, it will not grant leave to amend. Plaintiff's claim must be dismissed because of the failure to allege that Plaintiff made a written request to the Plan Administrator. § 502 requires a plaintiff to make a *written* request to the *Plan Administrator. Maiuro,* 843 F. Supp. 935, 938-39 (D.N.J. 1994) aff'd, 43 F.3d 1461 (3d Cir. 1994); 29 U.S.C. § 1132(a)(1)(A). (Emphasis added). Nowhere in the Complaint does Plaintiff allege that he made a written request for information that was never accommodated. Moreover, Plaintiff fails to allege that he made a written request to any Plan Administrator, let alone the proper party, Sysco Corp. Plaintiff also fails make any mention of its July 1, 2013 letter to Defendant's counsel, Henry Wexler within the Complaint. (ECF No.

20). However, even if the Court were to consider this letter as a request for information, Defendant's counsel is still not the Plan Administrator. Therefore, because Plaintiff has failed to allege that he made a written request for information to the Plan Administrator, Plaintiff's §502(c) claim for consequential damages must be dismissed.

### b. Breach of Fiduciary Duty

Under ERISA section 3(21)(a), a person is a fiduciary with respect to a plan to the extent:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets,
> (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or
> (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

"Because an entity is only a fiduciary to the extent it possesses authority or discretionary control over the plan," the Third Circuit has clarified that is necessary to "ask whether the entity is a fiduciary with respect to the particular activity in question." *Renfro v. Unisys Corp.*, 671 F.3d 314, 321 (3d Cir. 2011) (alteration, citation, and internal quotation marks omitted). Thus, in assessing whether a defendant is a fiduciary, the threshold question is not whether defendant's actions "adversely affected a plan beneficiary's interest, but whether that [defendant] was acting as fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich,* 530 U.S. 211, 226 (2000). More significantly, a Plaintiff cannot state a claim for monetary damages for breach of fiduciary duty under ERISA, absent a "loss to the plan" as opposed to a loss suffered by individual beneficiaries or a subclass of beneficiaries. *Fox v. Herzog Heine Geduld, Inc.*, 232 F. App'x 104, 105 (3d Cir. 2007); *See also*

*Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985); *Hein v. FDIC*, 88 F.3d 210 (3d Cir.1996).

In its previous Opinion (ECF No. 11), the Court found that Plaintiff's claim that Defendants failed "to pay Plaintiff all retirement money due to him," including the monthly pension payments, and that, as a result, Defendants breached their fiduciary duty to Plaintiff, really indicated that Plaintiff's underlying claim is actually one for plan benefits arising under ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). *Brown v. Sysco Food Servs. of Metro New York LLC*, No. 14-474 JLL, 2014 WL 2566145 *8 (D.N.J. June 6, 2014).

Although Plaintiff has amended his Complaint to include allegations regarding Defendant's as fiduciaries and how they may have breached their fiduciary duty, Plaintiff has failed to allege a "loss to the plan". Without these allegations, Plaintiff may not recover monetary damages for a breach of fiduciary duty under ERISA. Therefore, because Plaintiff's breach of fiduciary duty claim is really a claim for plan benefits arising under ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) and Plaintiff has failed to allege a "loss to the plan," Plaintiff's claim must be dismissed.

### c. Claim for Benefits under §502(a)(1)(b)

ERISA section 502(a)(1)(B) provides that a plan participant may bring a civil action to, among other things, "recover benefits due to him under the terms of his plan . . . ." 29 U.S.C. § 1132(a)(1)(B). But before doing so, the participant typically must exhaust the administrative remedies available to him under the plan. *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (citations omitted). Such exhaustion is not required, however, where the participant seeks to assert statutory rights established by ERISA. *D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002) (citing *Zipf v. AT&T*, 799 F.3d 889, 891 (3d Cir. 1986)). For

11

example, waiver of the exhaustion requirement may be proper "in cases where statutory rights stem from the fiduciary duties set forth in section 404 of ERISA, 29 U.S.C. § 1104(a)." *Id.* (citing *Harrow*, 279 F.3d at 253-54). The Third Circuit has clarified though that it "still require[s] exhaustion in cases where the alleged statutory violation—a breach of fiduciary duty under section 404—is actually a claim based on denial of benefits under the terms of a plan." *Id.*

In its previous opinion (ECF No. 11 at 8), the Court granted Plaintiff leave to amend the Complaint only to the extent that Plaintiff is able to allege facts suggesting that he has complied with the exhaustion requirement. The Court stated:

> Since Plaintiff "cannot circumvent the exhaustion requirement by artfully pleading benefit claims as breach of fiduciary duty claims," Plaintiff must allege that he has complied with the exhaustion requirement. *Harrow*, 279 F.3d at 253 (citation omitted); see also *Lees v. Munich Reins. Am., Inc.*, No. 11-3764, 2012 WL 1183694, *3 (D.N.J. Apr. 9, 2012) (concluding that plaintiff's fiduciary duty claim was in fact a claim for specific benefits, arising under ERISA section 502(a)(1)(B)).

*Brown*, No. 14-474 JLL, 2014 WL 2566145 *8 (D.N.J. June 6, 2014)

Despite his opportunity to amend, Plaintiff has still failed to allege that he has exhausted all available administrative remedies. Plaintiff attempts to point to his letter to Defendant's Counsel Henry Wexler as an action taken before initiation of this litigation, but stresses that ERISA does not have an exhaustion requirement. Plaintiff is incorrect in his stance. Therefore, because Plaintiff has failed to allege he exhausted all available administrative remedies, despite the Court's instruction, Plaintiff's claim for benefits under §502(a)(1)(B) is dismissed.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's Complaint. Plaintiff's Complaint is dismissed with prejudice.

An appropriate Order accompanies this Opinion.

DATED: 21 of ~~June~~ OCT, 2014.

_____
Jose L. Linares
U.S. District Judge